On de novo review and without objections by the plaintiff Ulmer, the report and recommendations of the U.S. Magistrate Judge are adopted. The plaintiff's application to proceed IFP be deined and the plaintiff shall pay the costs associated with the filing of this action. So Ordered.
s/ James G. Carr
Chief Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Isaac R. Ulmer, Sr., et al., | : | Case No. 3:09CV793 |
| Plaintiffs, | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| Dana Driveshaft Manufacturing, et al., | : | |
| Defendants. | : | |

Pending is plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Docket No. 4). For the reasons that follow it is recommended that plaintiff's application for *in forma pauperis* status be DENIED.

Pursuant to 28 U.S.C. § 1915(a), a court may grant leave to proceed without prepayment of costs, fees, or security therefor if an applicant has shown by affidavit that s/he satisfies the criterion of poverty. For the following reasons, the undersigned recommends that plaintiff's application be DENIED.

Under 28 U.S.C. § 1915(a)(1) (Supp. 1997) (West 1994), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes an affidavit that s/he is unable to pay or give security. The magistrate judge may render a decision to grant

a motion to proceed *in forma pauperis*. See 28 U.S.C. § 636 (West 1994). Denial of an application to proceed *in forma pauperis* by a magistrate must be made only by recommendation to the District Judge who will then take final action. Woods v. Dahlberg, et al., 894 F.2d 187 (6th Cir. 1990).

In determining whether to deny *in forma pauperis* status, the deciding court should explore the "capacity to pay the costs assessed." Weaver v. Toombs, 948 F.2d 1004 (6th Cir. 1991). The court should also consider the purpose of 28 U.S.C. § 1915, the litigation history of the applicant, good faith, and the actual dollars involved. Id. at 1013 (citing Lumbert v. Illinois Department of Corrections, 827 F.2d 257 (7th Cir. 1987)).

If a court determines that an *in forma pauperis* action is frivolous or malicious, it may *sua sponte* dismiss the action without requiring the plaintiff to pay a filing fee. Clark v. Ocean Brand Tuna, 974 F.2d 48, 50 (6th Cir. 1992), superseded by statute as stated in In re: Prison Litigation Reform Act, 105 F.3d 1131 (6th Cir. 1997). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831-1832. Plaintiff's complaint does not appear frivolous at this stage of the litigation.

Based upon plaintiff's application, he reports having monthly income of approximately $2,348. For one year, Plaintiff's income is $32,776 which is well above the poverty level income of $10,400 for a family of one. His total annual income includes $4,600 for five months of lawn service work.

For these reasons, it is recommended that plaintiff's application (Docket No. 4) be DENIED and that plaintiff pay the costs associated with the filing of this complaint. The magistrate further recommends that any statutory deadline for filing such action be tolled during the pendency of plaintiff's Application to Proceed without Prepayment of Costs and for a period thereafter as determined by the District Judge to whom this matter is assigned.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Dated: 05/18/09

NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.