IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Derrick O. Martin, et al.,                             Case No. 3:09CV793

           Plaintiffs

     v.                                                        ORDER

Dana Driveshaft Manufacturing, LLC,

           Defendant

       This is an employment discrimination case in which plaintiffs Derrick O. Martin and Isaac R. Ulmer, Sr. claim defendant, Dana Driveshaft Manufacturing, LLC (Dana): 1) discriminated against them on the basis of race and retaliated against them in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; and 2) discriminated against them based on disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; and 3) retaliated against them in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Plaintiffs also allege defendant's actions violated Ohio Rev. Code § 4112.

       Jurisdiction is proper under 28 U.S.C. § 1331.

       Pending is defendant's motion to dismiss Martin's claims. [Doc. 27]. For the reasons that follow, the motion shall be granted.

**Background**

On November 26, 2007, Martin filed an employment discrimination action against Dana alleging race discrimination and retaliation. *Martin v. Dana Corp.* (*Martin I*), No. 07CV3655 [Doc. 1] (N.D. Ohio). The action arose from Dana's firing of Martin on November 1, 2007.[1]

While Martin's initial suit was pending, Martin and Ulmer filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging violations of the ADA. [Doc. 1, Ex. A].

On January 7, 2009, the EEOC issued Martin and Ulmer a right to sue letter regarding their ADA claims.

On April 7, 2009, Martin and Ulmer filed this case, alleging employment discrimination based on race and disability, retaliation based on previous complaints, and retaliation in violation of the FMLA. These claims also arise out of defendant's firing of Martin.

One day later, on April 8, 2009, Martin amended his complaint for the fourth time in the first action. *Martin I*, *supra*, No. 07CV3655 [Doc. 27-3]. He did not include allegations of disability discrimination or retaliation in violation of the FMLA.

On December 18, 2009, Martin amended his complaint in this case.

On December 28, 2009, Dana filed its answer to the December 18, 2009, amended complaint, alleging *inter alia*, *res judicata*.

On January 22, 2010, I granted defendant's motion for summary judgment in the first action. *Martin v. Dana Corp.*, 2010 WL 395627 (N.D. Ohio).

On March 16, 2010, defendant filed its pending motion to dismiss.

---

[1] Both Martin and defendant refer to the date of the original complaint as February 15, 2008. This is, however, the date of Martin's first *amended* complaint.

**Standard of Review**

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,    U.S.    , 129 S. Ct. 1937, 1949 (2009).

A defendant may raise *res judicata* as the basis for dismissal. *E.g.*, *City of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985).

**Discussion**

Defendant argues that Martin here seeks to relitigate a claim that should have been raised in his first action, and as such, is barred by *res judicata*.

Martin responds: 1) he filed this case *before* a final decision on the merits in the first suit, and before he filed his fourth amended complaint; 2) as a *pro se* litigant, he is entitled to "some leeway," because *res judicata* is a "complex legal question . . . beyond the capability of the typical pro se litigant." [Doc. 32, at 3]; and 3) "At no time during the nine and a half months between the filing [of the instant case] and the granting of summary judgment did Defendant raise the question of consolidating the two cases." [*Id.* at 4].

The doctrine of *res judicata* promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

*Res judicata* has four elements: 1) a final decision on the merits in the first action by a court of competent jurisdiction, 2) the subsequent civil action is between the same parties as the first action; 3) an issue or claim in the subsequent action was litigated or should have been litigated in

3

the prior action; and 4) an identity of the causes of action. *E.g., Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 n.4 (6th Cir. 2007).

To determine whether a claim "should have been litigated," the Sixth Circuit has stated that "where the two causes of action arise from the 'same transaction, or series of transactions,' a plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (unpublished disposition) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)).

The Sixth Circuit has also acknowledged, albeit in dicta, that a defendant who agrees or acquiesces in a plaintiff's claim splitting may not assert *res judicata*. *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (1998).

In *Davis*, the Sixth Circuit noted that a defendant who stated in his answer: "Plaintiff's claims are barred by the doctrine of res judicata" gave a plaintiff sufficient notice of its intent to assert the defense. *Id.* The court in *Davis* explained, in response to a dissent:

> We join with the dissent that ¶ 26 of the RESTATEMENT OF JUDGMENTS adopted in *Grava v. Parkman Township,* 73 Ohio St. 3d 379, 653 N.E.2d 226, 229 (1995), precludes claim-splitting except where "the parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." Sun did not agree to plaintiff's claim-splitting, and we cannot agree with the dissent that it acquiesced in this respect. Sun defended on the doctrines of both waiver and res judicata. We do not construe *Matter of Super Van, Inc.*, 92 F.3d 366 (5th Cir. 1996), to support plaintiff's position in this case. *Super Van* defendants did not plead res judicata, and defendants indicated to the bankruptcy court that they "preferred not to have the two action[s] [one in state court and one in federal court] consolidated." *Id.* at 371. By reason of this action, contrary to defendant's posture in the instant case, defendants were deemed to have acquiesced in the plaintiff's claim-splitting. We believe, therefore, contrary to the dissent, that plaintiffs were not treated unjustly and that they had fair notice of the defendant's claim of res judicata.

*Id.* at 612-13.[2]

Martin disputes only the third element of the defense; namely, whether the claim in this case was litigated or should have been litigated in the first case.[3]

I find that element satisfied. While plaintiff did not assert ADA or FMLA claims in the previous action, *res judicata* bars any claim that was litigated or *should have been* litigated in the prior action. *Hamilton's Bogarts*, *supra*, 501 F.3d at 650 n.4. The claims here and in the earlier case arise from the "same transaction" – the circumstances surrounding Martin's loss of his job. He should, accordingly, have asserted the claims he brings here in his original case. *Holder*, *supra*, 287 F. App'x at 471.

Based on the January 7, 2009, EEOC letter, Martin was aware of his ADA and FMLA claims at the time he amended his complaint on April 8, 2009. His filing of the fourth amended complaint illustrates that he could have amended his suit to include the ADA and FMLA claims.

Plaintiff's argument that *pro se* status should preclude *res judicata* in this instance is not well taken. While I agree I am to construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* plaintiff still must follow basic pleading standards. *Martin v. Overton*, 391 F.3d

---

[2] In *Super Van*, the Fifth Circuit held that where defense counsel: 1) mentioned a preference for not consolidating two related cases; and 2) failed to object to the splitting of claims by the plaintiff in either action, the defendant had acquiesced to the plaintiff's claim splitting and could not later assert *res judicata*. 92 F.3d at 371.

[3] The first element is satisfied as I granted summary judgment to the defendant. *See Mayer v. Distel Tool & Mach. Co.*, 556 F.2d 798, 798 (6th. Cir. 1977) (noting that summary judgment is a final judgment for *res judicata* purposes). The second and fourth elements are satisfied because both actions involve the same parties – Dana and Martin – and arise from the same events and core of operative facts. *See Rowe v. Register*, 2008 WL 2009186, *16 (E.D. Tenn.) ("'Identity of claims or causes of action' means an identity of the underlying facts and events creating the right of action and of the evidence necessary to sustain each other.")

710, 714 (6th Cir. 2004). Martin's *pro se* status, thus, does not relieve him of the bar imposed by *res judicata*.[4]

Finally, I also disagree with Martin's argument that Dana's failure to assert *res judicata* earlier bars its ability to do so now. In *Davis, supra*, the court held that the defendant preserved its *res judicata* claim when its answer stated, "Plaintiff's claims are barred by the doctrine of res judicata." 148 F.3d at 612. Defendant did likewise here - its answer to the first amended complaint states: "[C]ertain of plaintiff's claims are barred by the doctrine of *res judicata* or collateral estoppel." [Doc. 24, at 6]. Defendant thus cannot be found to have consented or acquiesced to Martin's claim splitting.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendant's motion to dismiss [Doc. 27] be, and the same hereby is, granted.

So ordered.

s/James G. Carr
U.S. District Judge

---

[4] Furthermore, while Martin may have at times been pro se, he *had* counsel in the first action before he filed the third and fourth amended complaints, and in the instant action before he filed the first amended complaint.